UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

       **MEMORANDUM OPINION AND ORDER**
       Criminal No. 19-306(2) ADM/BRT

Kevin Kareem White,

       Defendant.

___

Kevin Kareem White, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kevin Kareem White's ("White") Motions for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket Nos. 191, 194]. For the reasons stated below, the Motions are denied.

## II. BACKGROUND

On April 12, 2021, White entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Min. Entry [Docket No. 130]. White was sentenced on September 9, 2021. Min. Entry [Docket No. 178]. The Court sentenced White to a term of 20 months, which represented a substantial downward departure from the 37 to 46 month guideline range recommended in the Presentence Investigation Report [Docket No. 151]. See Sentencing J. [Docket No. 181] at 2.

White is currently in custody at the United States Penitentiary in Marion, Illinois ("USP-Marion"). See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 19, 2022). His projected release date is January 31, 2023.

White, age 39, now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that extraordinary and compelling reasons warrant his immediate release because he suffers from asthma, prediabetes, and other health conditions that increase his risk of becoming seriously ill or dying were he to contract COVID-19. White is fully vaccinated against COVID-19, but is concerned that the vaccine may not protect him from new variants of the virus.

White also argues that he shares a single-person cell with two other inmates, and that the crowded conditions make him unable to protect himself against the spread of the disease and have exacerbated his mental health issues.

White further argues that he is needed at home to help his chronically ill mother with medical appointments and grocery shopping, and to help care for his young son. White's aunt has submitted a letter [Docket No. 193] in support of his release.

### III.  DISCUSSION

**A.  Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under

§ 3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling reasons" also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). A catch-all provision also exists for "other reasons" that may cause a defendant's case to be extraordinary or compelling. U.S.S.G. § 1B1.13 comment n.1(D). The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

**B. Exhaustion**

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). White has satisfied the exhaustion requirement because he filed requests for release with the warden of his facility on December 13, 2021, and February 10, 2022, and did not receive a response within 30 days of either request. Mot. Ex. 1 [Docket No. 191, Attach. 1]; Second Mot. Ex. 1 [Docket No. 194, Attach. 1]. His Motion is therefore ripe for review.

**C.  No Extraordinary and Compelling Reasons**

White's health issues, prison conditions, and family circumstances, whether considered separately or together, do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction.

White's health conditions include asthma, prediabetes, and major depressive disorder. January 2022 Motion [Docket No. 191] at 2; March 2022 Motion [Docket No. 194] Ex. 1 at 4. These conditions do not justify White's release because his vaccination against COVID-19 substantially reduces the risk that he will become infected and seriously ill from the disease.  The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 vaccines are effective at preventing infection, serious illness, and death," and also protect against "the Delta variant and other variants with widespread circulation in the United States."  CDC, COVID-19, COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Apr. 19, 2022).  Although some vaccine breakthrough infections can occur, people who are fully vaccinated tend to develop less severe symptoms than people who are unvaccinated.  Id.

As a result, White's health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons warranting a sentence reduction.  See United States v. Derden, No. 12-CR-0012 (PJS/SER), 2021 WL 3721848, at *2 (D. Minn. Aug. 23, 2021) (denying compassionate release for vaccinated inmate because the risk that the inmate would "be reinfected with COVID-19 or a variant and . . . become seriously ill" was "too speculative to justify his release"); United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's

medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

The harsh and allegedly overcrowded environment at White's facility also does not warrant his release. The conditions of confinement at USP-Marion affect all inmates, and are not a particularized reason for White's release. See Derden, 2021 WL 3721848, at *3 (denying similar argument because prison conditions affected all inmates and were not particular to defendant). White contends that his confinement in a single-person cell with two other inmates has exacerbated his mental health issues. White's medical records state that he is "still having some troubles adjusting to prison, sleeping, etc." March 2022 Mot. Ex. at 2. These mental health symptoms, while no doubt difficult, are not extraordinary.

White's family circumstances also are not extraordinary and compelling. Although White's desire to help his sick and elderly mother is commendable, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). White's assertion that he is needed at home to care for his young son also is not compelling because he has not argued, much less shown, that he is the child's only available caregiver.

Accordingly, White has not demonstrated extraordinary and compelling reasons warranting compassionate release.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kevin Kareem White's Motions for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)  [Docket Nos. 191, 194] are **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  April 19, 2022